## London Bucket Co., Inc. v. Stewart.

January 26, 1951.

As Modified on Denial of Rehearing March 23, 1951.

J. B. Johnson, Judge.

Murray L. Brown and Robert B. Bird for appellant.

W. L. Rose and H. H. Owens for appellee.

STANLEY, COMMISSIONER—Reversing.

This is an appeal from a judgment decreeing specific performance of a contract to properly furnish and install a heating system for a large motel. The basic contention of the appellant, London Bucket Company,

is that the remedy of specific performance will not lie for breach of this type of contract.

The chancellor overruled a demurrer to the petition and this is the first assignment of error. Stewart's petition set out the contract, the pertinent parts of which are as follows: "The parties of the first part agree and bind themselves to furnish and install (subletting installation) in said building the following equipment * * *." The only standard as to the quality of work to be performed was that the defendant was to "guarantee to heat this said court to 75 degrees in winter, and to supervise all work," etc. The plaintiff alleged that the defendant "soon thereafter and within one year installed a plant in an incompleted, unskilled, unworkmanlike manner, never finishing same, and of such size, type and inferior quality of materials that same does not to a reasonable degree perform the purpose contemplated." The petition further states: "Plaintiff here now demands of the court of equity that defendant be compelled to specifically perform the terms of said contract and complete said installation and furnish the type of furnace provided in said contract and all the things necessary to properly heat said building and rooms and same to be done forthwith, before the fall of cold weather."

The plaintiff prayed that "immediate specific performance be adjudged" and also asked $8,250 damages for faulty and negligent construction and resulting expense, loss of business, etc. On being required to elect his remedy, he chose specific performance and dismissed without prejudice his action for damages.

The defendant, among other defenses, pleaded there had been a mutual cancellation of the contract insofar as it covered the completion of the job. Upon sharply conflicting evidence, but with some documents strongly supporting the plaintiff's contention, the court found as a fact that there had been no such cancellation. This was an issue necessary to be decided before deciding there could be a decree of specific performance.

The court decreed: "The defendant is hereby mandatorily ordered and directed to comply with the terms of said contract, in its entirety. He shall proceed diligently so to do and continue its obligation, assumed by it under the said contract, therein specifically set out."

No matter what the evidence may have been, the plaintiff's legal right could be no greater than that which the basic facts pleaded authorized. So if the demurrer should have been sustained to his pleading which undertook to state his whole case, that is all the court need consider. In other words, if the plaintiff did not state a cause of action for specific performance, the demurrer should have been sustained instead of overruled. That is the way the trial court treated the case except to find that the work done was defective, the heating system was not properly functioning, and the job was incomplete. In his opinion, the court recognized the difficulty of the question whether the contract and the conditions were such as required specific performance. He considered the familiar principle that such an equitable decree will not be adjudged unless the ordinary common law remedy of damages for a breach of contract is an inadequate and incomplete remedy for injuries arising from the failure to carry out its terms. Edelen v. Samuels & Co., 126 Ky. 295, 103 S. W. 360. The court concluded, nevertheless, that this case was within Schmidt v. Louisville & N. R. Co., 101 Ky. 441, 41 S. W. 1015, 19 Ky. Law Rep. 666, 38 L. R. A. 809, and Pennsylvania Railroad Co. v. City of Louisville, 277 Ky. 402, 126 S. W. 2d 840.

It seems to us the two cases are not altogether apt. In the Schmidt case it was held a decree of specific performance to operate the railroad under the terms of the lease for the benefit of both holders was proper since there was no adequate remedy at law. The Pennsylvania Railroad Case was a suit to declare the rights of the parties and to require several railroad companies to proceed with the elimination of grade crossings as they had contracted to do. Both cases involve matters of great magnitude and were of public interest and welfare. In each case the court in effect said, "Proceed to do what you contracted to do." There was no question of partial or incomplete or faulty performance of a building contract. The Schmidt case is distinguished in the leading case of Edelen v. Samuels & Co., supra. In the present case the decree was in effect to direct a building contractor to go back, correct defective work and complete its job. It is the general rule that contracts for building construction will not be specifically enforced because ordinarily damages are an adequate remedy and, in part,

because of the incapacity of the court to superintend the performance. 9 Am. Jur., Building and Construction Contracts, sec. 124; 58 C. J. 1046. The case at bar is not within the exceptions to the rule or of the class where specific performance should be decreed. 49 Am. Jur., Specific Performance, sec. 12. That there may be difficulty in proving the damages as appellee suggests, is not enough to put the case within the exceptions.

Under our conclusion that specific performance should not have been decreed, the decision on the issue of cancellation of the contract must follow it. This will leave the question open in the common-law action for damages should it be filed.

Wherefore, the judgment is reversed.